Exhibit 7

**VIRGINIA:**

**IN THE FAIRFAX COUNTY CIRCUIT COURT**

| | |
|---|---|
| NORTHROP GRUMMAN SYSTEMS CORP. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DYNCORP INTERNATIONAL INC. *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CL No. 2015-03427 <br> ) <br> ) <br> ) <br> ) <br> ) |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, this matter comes before the Court upon the request of all parties for a protective order pursuant to Rule 4:1(c)(7) of the Rules of Supreme Court of Virginia ("Rule 4:1(c)(7)") concerning the treatment of confidential information;

WHEREAS, the parties to the above-captioned litigation (the "Litigation") are each in the possession of documents, things, or materials containing confidential or proprietary technical, scientific, or business information, trade secrets and/or personal financial, medical or psychological information ("Confidential Information") that bear significantly on the parties' claims or defenses and are being or may be sought in discovery in the Litigation;

WHEREAS, the parties may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place the party at a competitive or other disadvantage; and

WHEREAS, the parties to the Litigation agree that the production of information by each of them should take place subject to the provisions of a protective order, pursuant to Rule

4:1(c)(7), and that the entry of such a protective order will help facilitate third-party discovery and address third parties' potential concerns about the confidentiality of their information;

IT IS HEREBY ORDERED as follows:

1. This Protective Order (the "Order" or "Protective Order") shall govern disclosure, use, and handling of all documents, electronically stored information, imaged materials, testimony, interrogatory answers, hearing transcripts, declarations, affidavits, reports, briefs, motions, and other information (other than information that is publicly known or available) disclosed in this action ("Subject Discovery Material") and designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE ATTORNEYS EYES ONLY" by a party or a third-party. This Protective Order shall apply to and be binding upon any director, officer, employee, contractor, or agent of any of the parties to this litigation, as well as all outside counsel to the parties, including any attorney, paralegal, secretary, clerical staff person, or other person employed in any capacity by such outside counsel, or any agent or outside contractor of such outside counsel. This Protective Order shall also apply to any persons who sign an Undertaking in the form of Exhibits A, B, or C attached hereto.

2. Subject Discovery Materials subject to this Protective Order shall not include (a) published advertising materials, and (b) materials that are known or available to the general public. Subject Discovery Materials designated as "CONFIDENTIAL" may include confidential technical, marketing, business, and trade information unknown to the public. Subject Discovery Materials designated as "HIGHLY CONFIDENTIAL" may include highly confidential and sensitive information related to research, development, design, sales, marketing, manufacturing, pricing or other activities that the producing party reasonably and in good faith believes is so

highly sensitive that its disclosure to persons other than those specified in Paragraph 7 could reasonably be expected to result in injury to the producing party.

3. Certain Subject Discovery Materials may merit additional protection because a party or third party believes in good faith that they contain such sensitive financial, proprietary and business information that they should not be disclosed to party representatives. Accordingly, this limited class of Subject Discovery Material may be designated as "OUTSIDE ATTORNEYS EYES ONLY."

4. Subject Discovery Materials designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE ATTORNEYS EYES ONLY" is referred to herein as "Confidential Information" and the identification of Subject Discovery Materials with any of these designations is referred to herein as "Confidential Designation."

5. Any party (including any third party not named in this Litigation) that produces Subject Discovery Material in this Litigation may make Confidential Designations for which the producing party believes in good faith that there is a right to confidential treatment under Rule 4:1(c)(7) consistent with the designation level.

6. The inadvertent production of Subject Discovery Materials containing Confidential Information which are not designated "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment and shall be without prejudice to any claim that such Confidential Information should be designated as such. Similarly, the inadvertent production of Subject Discovery Materials containing information that is protected from discovery by the attorney-client privilege and/or attorney work product doctrine shall not

be deemed a waiver in whole or in part of a claim that such materials are subject to the applicable privilege(s) and/or protection(s).

7. All information designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" (and all copies, summaries, or quotations of such information) shall be used solely for purposes of this action and shall not be used in connection with any other litigation or for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to the public or otherwise put into the public domain.

8. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

    a. the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Litigation;

    b. outside counsel of record for a party, associates, legal assistants or regular employees or outside contractors (such as document copying services, document coding or computerization service, graphics design service, or jury consultants and mock jurors) of outside counsel of record, and in-house counsel for a party;

    c. a party, or the employees, officers, directors, and authorized representatives of a party or a party's affiliate, provided that such person signs an undertaking in the form of Exhibit A hereto;

    d. third-party experts or consultants engaged by counsel of record or a party to assist in this Litigation, provided that counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action and further provided that such

third-party expert or consultant signs an undertaking in the form of Exhibit A hereto prior to such disclosure; provided however, that no third party experts or consultants may receive or review Subject Discovery Materials designated as "CONFIDENTIAL" if such third party experts or consultants could be considered a competitor of the designating party (unless the designating party consents in writing after advance notice);

 e. any author, recipient, or producing party of such Subject Discovery Materials designated as "CONFIDENTIAL" including former employees or agents of the producing party, provided that such person signs an undertaking in the form of Exhibit A hereto; and

 f. any other person or entity whom the parties agree in writing may receive Subject Discovery Materials designated as "CONFIDENTIAL," provided that such person signs an undertaking in the form of Exhibit A hereto.

9. Information designated as "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

 a. the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Litigation;

 b. outside counsel of record for a party, associates, legal assistants or regular employees or outside contractors (such as document copying services, document coding or computerization service, graphics design service, or jury consultants and mock jurors) of outside counsel of record assigned to and necessary to assist such counsel in the preparation and trial of this Litigation;

c.  third-party experts or consultants engaged by outside counsel of record to assist in this Litigation, provided that outside counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action and further provided that such third-party expert or consultant signs an undertaking in the form of Exhibit A hereto prior to such disclosure; provided however, that no third party experts or consultants may receive or review Subject Discovery Materials designated as "HIGHLY CONFIDENTIAL" if such third party experts or consultants could be considered a competitor of the designating party (unless the designating party consents in writing after advance notice);

d.  any author, recipient, or producing party of such Subject Discovery Materials designated as "HIGHLY CONFIDENTIAL" including former employees or agents of the producing party, provided that such person signs an undertaking in the form of Exhibit A hereto;

e.  any other person or entity whom the parties agree in writing may receive Subject Discovery Materials designated as "HIGHLY CONFIDENTIAL," provided that such person signs an undertaking in the form of Exhibit A hereto; and

f.  in-house counsel not involved in competitive decisionmaking of each party receiving Subject Discovery Materials, designated in writing by such party to all other parties following the entry of this Protective Order, and provided that such in-house counsel executes Undertaking B attached to this Protective Order. Such in-house counsel shall not disclose the

contents of such Subject Discovery Materials designated "HIGHLY CONFIDENTIAL" or the information contained therein to any other person, or make use of such information, except in accordance with the terms of this Protective Order. Within five (5) business days of receipt of a party's designation of in-house counsel, the producing party of the Subject Discovery Materials may object in writing to the disclosure of such Subject Discovery Materials to the designated in-house counsel. Any failure to object in writing within such period to the proposed disclosure of such Subject Discovery Materials shall be deemed to constitute consent by the producing party to such disclosure. If an objection to the disclosure of such Subject Discovery Materials under this subparagraph is not resolved by the parties within five (5) business days of service of the written notice of objection, the producing party may file a motion with the Court for a protective order. If such a motion is filed, the disclosure of such Subject Discovery Materials to the in-house counsel shall be withheld pending the ruling of the Court on any such motion.

10. Information designated as "OUTSIDE ATTORNEYS EYES ONLY" may be disclosed only to the following persons:

    a. the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Litigation;

    b. outside counsel of record for a party, associates, legal assistants or regular employees or outside contractors (such as document copying services, document coding or computerization service, graphics design service, or

jury consultants and mock jurors) of outside counsel of record assigned to and necessary to assist such counsel in the preparation and trial of this Litigation;

c. any original author or original recipient of such Subject Discovery Materials designated as "OUTSIDE ATTORNEYS EYES ONLY" including former employees or agents of the producing party, provided that such person signs an undertaking in the form of Exhibit A hereto;

d. any other person or entity whom the parties agree in writing may receive Subject Discovery Materials designated as "OUTSIDE ATTORNEYS EYES ONLY," provided that such person signs an undertaking in the form of Exhibit A hereto.

11. Notwithstanding the foregoing, the restrictions on disclosure set forth in this Protective Order shall not:

a. apply to information that was or becomes public knowledge not in violation of this Protective Order;

b. apply to information acquired by the non-designating party from a third party having the right to disclose such information or material;

c. restrict a designating party from using documents that it drafted or created in any way;

d. prevent disclosure of any document to its original author or original recipient, provided that such author or recipient is still employed by the party;

e. prevent modification of any designation as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" on written consent of the producing party without further decision of the Court; or

f. prevent a party from disclosing or producing documents and information that have been disclosed or produced during this Litigation (including documents or information designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY") to the Government in response to a request by the Government.

12. All Subject Discovery Material shall be identified and disclosed to the designating party's counsel before it is disclosed to a consulting or testifying expert who may be a competitor of the Producing Party and before it is used in any deposition, hearing or trial.

13. Any party may at any time challenge the designation of Subject Discovery Material as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" and contend that certain Subject Discovery Material is not entitled to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" or that disclosure should be permitted in some manner not otherwise authorized herein. Such a challenge shall be made by notifying the designating party in writing. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. If, after the parties confer regarding the informal challenge to the Confidential Designation, the challenging party still believes that the designation should be withdrawn or modified, that party shall file a motion to lift the confidentiality protection on those portions of the Subject Discover Materials about which the parties disagree. The producing party of the

Subject Discovery Materials shall have the burden of establishing that the disputed Subject Discovery Materials are entitled to confidential treatment. Subject Discovery Materials in dispute shall continue to be subject to confidential treatment as provided in this Protective Order unless and until the Court determines that the Subject Discovery Material is not entitled to confidential treatment or the designating party agrees in writing that the Subject Discovery Material is not entitled to confidential treatment. The fact that a party agrees to abide by the terms of this Protective Order, and receives information designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" under it, shall not be deemed an admission by the receiving party that any information is correctly so designated.

14. All documents produced during the course of this action shall initially be treated as "CONFIDENTIAL" according to the terms of this Protective Order for ten (10) business days after service of the initial production upon the receiving party. Thereafter, no designation of information as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" shall be effective unless a "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" label or notice is put on the Subject Discovery Material containing such information. Any Confidential designation that is inadvertently omitted may be corrected by written notice to opposing counsel within thirty (30) business days of the initial production. Specific portions of testimony given at a deposition or other similar proceeding may be designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" by an appropriate statement at the time the testimony is given or by designation within fifteen (15) business days after receipt of the transcript of the deposition or similar proceeding. Counsel making a Confidential Designation with respect to testimony shall be responsible for instructing the court reporter to

mark the designated portions of the testimony as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY." The parties may not issue blanket designations for depositions, absent a showing of good cause.

15. Any materials designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" required for the filing of any pleading for any purpose shall be filed on paper in a sealed envelope marked "Filed Under Seal Pursuant to the Stipulated Protective Order entered in CL 2015-3427." Sealing such material is necessary to protect the interested parties' privacy, and/or to protect against unnecessary dissemination of confidential, proprietary, commercially sensitive and/or personal information, and the public would not benefit from, and has no apparent interest in, disclosure of the Confidential materials. To this end, in the event that prior to trial the parties wish to file Confidential Information under this Protective Order, they shall be permitted to file this material under seal without need for additional formal motion provided that the filing party files a redacted version of the pleading in addition to the complete, unredacted version in a properly marked, sealed envelope.

16. Nothing herein shall restrict in any way the ability of the parties to use material designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" at trial, except that the parties reserve the right to request that the Court treat individual documents as confidential at trial.

17. Nothing in this Protective Order shall be construed as limiting or negating the right of any party hereto to bring a motion to compel discovery in this action or as limiting or negating the right of any party to object to any discovery such party otherwise believes in good faith to be improper.

18. Nothing herein is intended to restrict the ability of counsel to use (in this litigation and only as provided in this Protective Order) "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" material in examining or cross-examining any witness, including any employee, future employee, agent, expert, or consultant of the producing party, or any person who authored, received, or is named a recipient of the "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" material.

19. This Protective Order is intended to facilitate the flow of discovery materials and to expedite the resolution of discovery disputes between or among the parties. This Protective Order shall not raise any inference or contain any evidence of the existence of any trade secrets or Confidential Information. Moreover, the consent of any party to this Protective Order shall not constitute an admission of the existence of any trade secrets or Confidential Information in connection with any Subject Discovery Materials produced or disclosed in this proceeding.

20. In the event that any other parties are added or substituted into this case, this Protective Order shall be binding on and inure to the benefit of such new parties.

21. At the conclusion of this action, including all appeals, documents containing or constituting information designated as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY," and all copies or portions thereof, shall be returned to the producing party's counsel or counsel for the receiving party shall certify that all such copies or portions thereof that have not been returned have been destroyed. However, outside counsel for each party may retain copies of Confidential Information.

22. In the event a party receiving documents designated "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" is subpoenaed to

testify or produce such documents, the subpoenaed party shall immediately notify the producing party who designated such documents as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY."

23. The Court retains jurisdiction to make amendments, modifications, and additions to this Protective Order. Any party may apply to the Court for amendment or modification of or addition to this Protective Order at any time for good cause.

24. This Protective Order shall survive the final disposition of this action. After the conclusion of all proceedings herein, this Protective Order shall remain in full force and effect, and the Court shall retain jurisdiction to enforce its terms and to ensure compliance.

25. Nothing in this Protective Order shall prejudice any party from seeking amendments hereto broadening or restricting the rights of access to or the use of material marked "CONFIDENTIAL" "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEYS EYES ONLY" or otherwise modifying this Order; and this Order may be amended without leave of Court by written agreement of the parties.

26. Any non-party to this action who provides discovery material shall be entitled to avail itself of the provisions and protections of this Protective Order and, by doing so, assumes the duties and obligations imposed by this Protective Order. Any such non-party desiring to avail itself of the provisions and protections of this Protective Order shall do so in writing addressed to counsel of record for all the parties to this Litigation.

27. This Order is effective as of, and dated as of, ___ June, 2015.

We ask for this:

_[signature: Susan R. Podolsky]_
Susan R. Podolsky
Virginia State Bar No. 27891
Law Offices of Susan R. Podolsky
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
Tel: 571.366.1702
Fax: 703.647.6009
spodolsky@podolskylaw.com

Edward N. Siskel
Admitted *pro hac vice*
Carl J. Nichols
Virginia State Bar No. 43065
Madhu Chugh
Admitted *pro hac vice*
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
Tel: 202.663.6000
edward.siskel@wilmerhale.com
carl.nichols@wilmerhale.com
madhu.chugh@wilmerhale.com

Anne Bluth Perry
Admitted *pro hac vice*
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue NW
Suite 100
Washington, D.C. 20006
Tel: 202.747.1900
aperry@sheppardmullin.com

*Counsel for Plaintiffs*

_[signature: Attison L. Barnes with express permission / ALB]_
Attison L. Barnes III
Virginia State Bar No. 30458
Rand L. Allen
Virginia State Bar No. 16130
Wiley Rein, LLP
1776 K Street NW
Washington, D.C. 20006
Tel: 202.719.7000
Fax: 202.719.7049
ABarnes@wileyrein.com
RAllen@wileyrein.com

Richard C. Sullivan, Jr.
Virginia State Bar No. 27907
Bean Kinney & Korman PC
2300 Wilson Blvd
Suite 700
Arlington, VA 22201
Tel: 703.525.4000
rsullivan@beankinney.com

*Counsel for Defendants*

IT IS SO ORDERED this 5th day of June, 2015.

_[signature: John M. Tran]_
Fairfax County Circuit Judge