admits that DynCorp did not submit a proposal for the task order extension. Except as expressly admitted, Northrop Grumman denies the allegations in paragraph 48.

49. The allegations in paragraph 49 are denied.

50. Northrop Grumman admits that it filed this suit. Except as expressly admitted, Northrop Grumman denies the allegations in paragraph 50.

51. Northrop Grumman admits that due to DynCorp's breach of the Subcontract it has suspended payment on DynCorp's invoices for both labor charges and ODCs as of the end of May 2014, and began rejecting the labor portions of DynCorp's invoices on November 26, 2014. Except as expressly admitted, Northrop Grumman denies the allegations in paragraph 51.

52. The allegations in paragraph 52 are denied.

53. Paragraph 53 reasserts and incorporates the allegations contained in the previous paragraphs. Northrop Grumman reasserts and incorporates its responses to paragraphs 1-52; therefore no further response is required.

54. The allegations in paragraph 54 are admitted.

55. Northrop Grumman lacks information or knowledge sufficient to form a belief as to allegations in paragraph 55, so they are denied.

56. The allegations in paragraph 56 are denied.

57. The allegations in paragraph 57 are conclusions of law and therefore require no response. To the extent a response is required, the allegations are denied.

58. The allegations in paragraph 58 are conclusions of law and therefore require no response. To the extent a response is required, the allegations are denied.

59. The allegations in paragraph 59 are denied.

60. Paragraph 60 reasserts and incorporates the allegations contained in the previous paragraphs. Northrop Grumman reasserts and incorporates its responses to paragraphs 1-59; therefore no further response is required.

61. The allegations in paragraph 61 are admitted.

62. The allegations in paragraph 62 are denied.

63. Northrop Grumman lacks information or knowledge sufficient to form a belief as to allegations in paragraph 63, so they are denied.

64. The allegations in paragraph 64 are conclusions of law and therefore require no response. To the extent a response is required, the allegations are denied.

65. The allegations in paragraph 65 are denied.

66. Paragraph 66 reasserts and incorporates the allegations contained in the previous paragraphs. Northrop Grumman reasserts and incorporates its responses to paragraphs 1-65; therefore no further response is required.

67. The allegations in paragraph 67 are conclusions of law and therefore require no response. To the extent a response is required, the allegations are denied.

68. The allegations in paragraph 68 are conclusions of law and therefore require no response. To the extent a response is required, the allegations are denied.

69. The allegations in paragraph 69 are denied.

70. Paragraph 70 reasserts and incorporates the allegations contained in paragraphs 1-4, 18, 20-22, 24-34, 37, and 41-52. Northrop Grumman reasserts and incorporates its responses to paragraphs 1-4, 18, 20-22, 24-34, 37, and 41-52; therefore no further response is required.

71. The allegations in paragraph 71 are denied.

72. The allegations in paragraph 72 are denied.

73. The allegations in paragraph 73 are denied.

74. The allegations in paragraph 74 are denied.

75. The allegations in paragraph 75 are denied.

76. The allegations in paragraph 76 are denied.

\* \* \*

Northrop Grumman further denies all allegations, paragraphs, statements, and headings, including the statements set forth in DynCorp's prayer for relief, that have not been admitted specifically herein.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing, Northrop Grumman asserts that the following affirmative defenses preclude DynCorp from obtaining relief in this case:

### FIRST DEFENSE

DynCorp has failed to state a claim upon which relief may be granted. Northrop Grumman incorporates all arguments in its previously filed demurrer.

### SECOND DEFENSE

DynCorp's claims are barred by its breach of the Subcontract.

### THIRD DEFENSE

DynCorp's claims are barred as inconsistent with the Subcontract and for failure to satisfy conditions precedent under the Subcontract.

### FOURTH DEFENSE

DynCorp's claims are barred because Northrop Grumman provided DynCorp adequate notice to cure DynCorp's failure to provide correct and substantiated invoices.

## FIFTH DEFENSE

DynCorp's claims are barred by the Virginia Statute of Frauds and the parol evidence rule.

## SIXTH DEFENSE

DynCorp's claims are barred because the parties' course of conduct did not, and could not, modify or waive any terms of, or obligations under, the Subcontract.

## SEVENTH DEFENSE

DynCorp's claims are barred because Northrop Grumman did not intend to waive, and did not waive, any rights under the Subcontract, including the right to audit DynCorp's records, receive correct and substantiated invoices, enforce compliance with labor category requirements, or invoke set-off.

## EIGHTH DEFENSE

Northrop Grumman did not, by any action, inaction, statement or silence induce DynCorp to violate the terms of, or its obligations under, the Subcontract.

## NINTH DEFENSE

Any damages suffered by DynCorp were caused, in whole or in part, by the intentional conduct, negligent conduct, fault or other culpable conduct of DynCorp and others over whom DynCorp exercised control.

## TENTH DEFENSE

DynCorp's purported damages are not of the nature or to the extent alleged due to DynCorp's failure to properly invoice or to provide correct and substantiated invoices.

## ELEVENTH DEFENSE

DynCorp failed to mitigate any damages it allegedly suffered.

### TWELFTH DEFENSE

DynCorp's claims fail because Northrop Grumman is entitled to set off and/or recoupment of amounts DynCorp owes to Northrop Grumman.

### THIRTEENTH DEFENSE

DynCorp's claims fail because they are not ripe for adjudication.

### FOURTEENTH DEFENSE

DynCorp's claims fail because Northrop Grumman had contractual and statutory duties to require substantiated invoices.

### FIFTEENTH DEFENSE

DynCorp's claims fail because Northrop Grumman acted at all times in good faith, in accordance with applicable law and contractual requirements, and without wrongful intent.

### SIXTEENTH DEFENSE

DynCorp's claims fail because the parties' relationship and Northrop Grumman's obligations are exclusively governed by the express, unambiguous terms of the Subcontract.

### SEVENTEENTH DEFENSE

DynCorp's good faith and fair dealing claim fails because Northrop Grumman exercised its contractual rights, not discretion, in withholding payment from DynCorp.

### EIGHTEENTH DEFENSE

DynCorp's good faith and fair dealing claim fails because it is unduly vague.

### NINETEENTH DEFENSE

DynCorp's good faith and fair dealing claim fails because the Subcontract does not contain an implied covenant of good faith and fair dealing.

### TWENTIETH DEFENSE

DynCorp's equitable claims and defenses are barred because they cannot establish that there are not adequate remedies at law.

### TWENTY-FIRST DEFENSE

DynCorp's equitable claims and defenses are barred because of the doctrine of unclean hands.

### TWENTY-SECOND DEFENSE

Northrop Grumman reserves the right to assert all additional defenses available at law or in equity that may be revealed or developed in the course of discovery.

WHEREFORE Plaintiff, having fully responded to the allegations of the Counterclaim, requests that this Court dismiss Defendant's Counterclaim or enter judgment in favor of Plaintiff.

Dated: December 7, 2015

By: /s/ Susan R. Podolsky
Susan R. Podolsky
Virginia State Bar No. 27891
spodolsky@podolskylaw.com
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009

**WILMER CUTLER PICKERING HALE & DORR LLP**

Edward N. Siskel
Admitted *pro hac vice*
edward.siskel@wilmerhale.com
Carl J. Nichols
Virginia State Bar No. 43065
carl.nichols@wilmerhale.com
Madhu Chugh
Admitted *pro hac vice*
madhu.chugh@wilmerhale.com
P. Randolph Seybold
Virginia State Bar No. 73596
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

Anne Bluth Perry
Admitted *pro hac vice*
aperry@sheppardmullin.com
2099 Pennsylvania Avenue NW,
Suite 100
Washington, DC 20006
Telephone: (202) 747-1900
Facsimile: (202) 747-1901

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Susan R. Podolsky, certify that on December 7, 2015, a copy of the foregoing Plaintiff's Answer to Defendant's Counterclaim was served by agreement via electronic mail with a courtesy copy via U.S. Mail on:

Attison L. Barnes III
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
abarnes@wileyrein.com

and

Richard C. Sullivan, Jr.
Bean Kinney & Korman PC
2300 Wilson Boulevard, Suite 700
Arlington, VA 22201
rsulluivan@beankinney.com

*Counsel for Defendant*

Susan R. Podolsky