**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| NORTHROP GRUMMAN TECHNICAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DYNCORP INTERNATIONAL LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:16-cv-00534-JCC-IDD <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>MEMORANDUM IN SUPPORT OF NORTHROP GRUMMAN'S EMERGENCY MOTION TO STAY EXECUTION OF REMAND ORDER PENDING ISSUANCE OF THIS COURT'S MEMORANDUM OPINION AND RESOLUTION OF MOTION FOR STAY PENDING APPEAL</u>**

Susan R. Podolsky, VSB No. 27891
spodolsky@podolskylaw.com
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009

WILMER CUTLER PICKERING HALE & DORR LLP
Edward N. Siskel (admitted *pro hac vice*)
Howard M. Shapiro (admitted *pro hac vice*)
Madhu Chugh (admitted *pro hac vice*)
P. Randolph Seybold, VSB No. 73596
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

BLANKINGSHIP & KEITH, PC
William B. Porter, VSB No. 41798
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Telephone: (703) 691-1235
WPorter@bklawva.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Anne Bluth Perry (admitted *pro hac vice*)
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
Telephone: (202) 747-1900
Facsimile: (202) 747-1901

Date: June 2, 2016

Pursuant to Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8, Northrop Grumman Technical Services, Inc. ("Northrop Grumman") respectfully moves this Court to stay execution of its June 2, 2016 Order remanding this case to the Fairfax County Circuit Court pending (1) this Court's issuance of a Memorandum Opinion explaining the grounds for its remand order; and (2) resolution of Northrop Grumman's forthcoming motion to stay the remand order pending appeal, both by this Court and, if necessary, the U.S. Court of Appeals for the Fourth Circuit. Northrop Grumman also respectfully requests the entry of an Order confirming that the remand order is automatically stayed for 14 days pursuant to Federal Rule of Civil Procedure 62(a). As reflected in the proposed order submitted herewith, Northrop Grumman agrees to file its motion for a stay pending appeal within two days after this Court enters its Memorandum Opinion explaining the grounds for its remand order.

## BACKGROUND

Northrop Grumman removed to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and DynCorp International LLC ("DynCorp") thereafter moved to remand. This Court heard DynCorp's motion to remand at a hearing on June 2, 2016. At that hearing, the Court indicated it would take the motion under advisement, issue an order that same day indicating whether the motion to remand would be granted or denied, and issue a Memorandum Opinion at a later date.

As promised, the Court issued an Order on June 2, 2016, which granted DynCorp's motion to remand and noted that an "accompanying Memorandum Opinion . . . will follow shortly" ("Remand Order") [ECF No. 58]. Contemporaneous with the filing of the present motion, Northrop Grumman has noticed its appeal of the Remand Order to the Fourth Circuit. *See* 28 U.S.C. § 1447(d) (providing that remand orders in cases removed under § 1442 are

1

appealable); *Wood v. Crane Co.*, 764 F.3d 316, 320 (4th Cir. 2014) ("This case was originally removed pursuant to § 1442(a)(1) and is thus reviewable.").

To protect its right to appeal under § 1447(d) and to avoid the burden and potential confusion of simultaneous litigation in both federal and state court, Northrop Grumman will move to stay execution of the Remand Order pending appeal to the Fourth Circuit.[1] Critically, however, Northrop Grumman cannot file its motion to stay pending appeal until it understands the grounds for the Court's remand order, which the Court has indicated will be issued at a later date. Accordingly, Northrop Grumman now moves the Court to temporarily stay execution of the Remand Order pending this Court's issuance of its Memorandum Opinion explaining the grounds for its Remand Order, and pending resolution of Northrop Grumman's forthcoming motion to stay pending appeal.

## ARGUMENT

**I. The Remand Order Is Automatically Stayed For 14 Days Under Fed. R. Civ. P. 62(a).**

As a threshold matter, to avoid any confusion regarding which court possesses jurisdiction over this case, the Court should enter an Order clarifying that the Remand Order is automatically stayed for 14 days—i.e., until June 16, 2016—pursuant to Federal Rule of Civil Procedure 62(a). Rule 62(a) provides that "no execution may issue on a *judgment*, nor may proceedings be taken to enforce it, until 14 days have a passed after its entry." Fed. R. Civ. P. 62(a) (emphasis added). Rule 54(a), in turn, defines "judgment" as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Remand Order is an "order from which an appeal lies,"

---

[1] In cases removed under § 1442, the remand order is "executed" when the Clerk of this Court mails a "certified copy of the order of remand . . . to the clerk of the State court." 28 U.S.C. §1447(c).

pursuant to 28 U.S.C. § 1447(d). The Remand Order thus qualifies as a "judgment" within the meaning of Rule 62(a). Accordingly, under Rule 62(a)'s automatic-stay provision, this Court must withhold "execution" of the Remand Order—namely, mailing a "certified copy of the order of remand . . . to the clerk of the State court," 28 U.S.C. §1447(c)—until "14 days have passed after . . . entry" of the Remand Order. The Remand Order, in other words, cannot be executed until June 16, 2016, at the earliest. *See Vision Bank v. Bama Bayou, LLC*, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012) (noting that court erred in failing to "automatically stay the remand order as provided in Rule 62(a)").

II. **The Remand Order Should Be Stayed Pending Issuance of this Court's Memorandum Opinion on the Remand Order, and Resolution of the Forthcoming Motion to Stay Pending Appeal.**

In addition to confirming Rule 62(a)'s automatic stay, this Court should exercise its inherent power to stay execution of the Remand Order pending (1) this Court's issuance of its Memorandum Opinion explaining the grounds for its Remand Order, and (2) resolution of Northrop Grumman's forthcoming motion to stay pending appeal. Such a temporary stay is necessary because this Court has not yet provided its reasoning for the Remand Order. Until the Court's reasoning is revealed in its forthcoming Memorandum Opinion, Northrop Grumman does not have sufficient grounds to file its motion stay the Remand Order pending appeal. For instance, Northrop Grumman cannot explain why it is "likely to succeed on the merits," *Nken v. Holder*, 556 U.S. 418, 434 (2009), until it understands why this Court rejected Northrop Grumman's arguments on the merits.

Once the Court issues its Memorandum Opinion, the Remand Order should remain stayed at least until this Court and, if necessary, the Fourth Circuit, have had the opportunity to hear and rule upon Northrop Grumman's motion to stay the Remand Order pending appeal. *See*

3

Fed. R. Civ. P. 62(c) (authorizing motion to stay pending appeal in district court); Fed. R. App. P. 8 (authorizing such a motion in the court of appeals). Northrop Grumman's forthcoming motion to stay the Remand Order pending appeal is necessary to protect its statutory appellate rights under 28 U.S.C. § 1447(d). Indeed, courts routinely grant such stay motions. *See, e.g.*, *Humphries v. Elliott Co.*, 760 F.3d 414, 416 (5th Cir. 2014) (circuit court granted stay pending appeal of § 1442 remand order); *Whitaker v. Carney*, 778 F.2d 216, 219 (5th Cir. 1985) (district court granted stay pending appeal of § 1443 remand order). If, however, this case is remanded to state court before this Court even **hears** Northrop Grumman's motion for a stay pending appeal, there is a risk that Northrop Grumman's appeal rights will be frustrated, because the federal appeal and state court proceedings will continue in parallel. That could well result in the state court proceedings concluding before the Fourth Circuit has an opportunity to decide whether Northrop Grumman's removal was proper. Such a result would render Northrop Grumman's appeal rights hollow. *See Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, 2005 WL 2237598 (M.D. Tenn. Sept. 12, 2005) (if a stay is denied, "the case is actually remanded, and the state court proceeds to move it forward," then "the appellate right would be an empty one."); *Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013) ("To hold that a district court lacks the limited jurisdiction to stay its remand order in a [Class Action Fairness Act ("CAFA")] case would render the statutory right to appeal a CAFA remand order hollow.").

Northrop Grumman's requested stay is also necessary to allay any jurisdictional confusion that may result from the Remand Order. For instance:

- Although the Remand Order is not "executed" until the Clerk of this Court mails a "certified copy of the order of remand . . . to the clerk of the State court," 28 U.S.C.

§1447(c), DynCorp may well argue that the Remand Order is effective upon entry and thus transfers jurisdiction back to the state court. This would, in turn, create confusion and lead to litigation over which court has jurisdiction upon entry—but not "execution"—of the Remand Order.

- If this Court *does* "execute" the Remand Order before considering Northrop Grumman's motion for a stay pending appeal, and then either this Court or the Fourth Circuit later grants that motion for a stay, this Court would need to ***reassume*** jurisdiction over the case and bring the state court proceedings to a halt. And in that situation, DynCorp may dispute whether the federal court even has jurisdiction to stay the state court proceedings.

To avoid these complications, the Court should expressly stay execution of the Remand Order until Northrop Grumman's forthcoming motion to stay the Remand Order pending appeal is resolved.

## CONCLUSION

For the foregoing reasons, the Court should stay execution of its June 2, 2016 Order remanding this case to the Fairfax County Circuit Court pending (1) this Court's issuance of a Memorandum Opinion explaining the grounds for its remand order; and (2) resolution of Northrop Grumman's forthcoming motion to stay the remand order pending appeal by this Court and, if necessary, the Fourth Circuit. Northrop Grumman also respectfully requests entry of an Order confirming that the remand order is automatically stayed for 14 days—i.e., until June 16, 2016—pursuant to Federal Rule of Civil Procedure 62(a).

          Respectfully submitted,

          NORTHROP GRUMMAN TECHNICAL SERVICES, INC.
          By Counsel

June 2, 2016

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Telephone: (703) 691-1235
Facsimile: (703) 691-3913

By:   /s/ William B. Porter
     William B. Porter, VSB No. 41798
     wporter@bklawva.com
     Laurie L. Kirkland, VSB No. 75320
     lkirkland@bklawva.com

Susan R. Podolsky, VSB No. 27891
 spodolsky@podolskylaw.com
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009

Co-counsel for Plaintiff Northrop Grumman Technical Services, Inc.

Howard M. Shapiro (admitted *pro hac vice*)
 howard.shapiro@wilmerhale.com
Edward N. Siskel (admitted *pro hac vice*)
 edward.siskel@wilmerhale.com
Madhu Chugh (admitted *pro hac vice*)
 madhu.chugh@wilmerhale.com
Erik F. Swabb (admitted *pro hac vice*)
 erik.swabb@wilmerhale.com
P. Randolph Seybold, VSB No. 73596
 randy.seybold@wilmerhale.com
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Anne Bluth Perry (admitted *pro hac vice*)
 aperry@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
Telephone: (202) 747-1900
Facsimile: (202) 747-1901

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Rand L. Allen, Esquire
Attison L. Barnes III, Esquire
Nicole J. Orwen-Wiest, Esquire
Rebecca L. Saitta, Esquire
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 719-7900
Facsimile: (202) 719-7049
  rallen@wileyrein.com
  abarnes@wileyrein.com
  nowrenwiest@wileyrein.com
  rsaitta@wileyrein.com

Richard C. Sullivan, Jr., Esquire
BEAN KINNEY & KORMAN PC
2300 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
Telephone: (703) 525-4000
Facsimile: (703) 525-2207
  rsullivan@beankinney.com

Counsel for Defendant DynCorp International LLC

　　　　/s/ William B. Porter
William B. Porter
Virginia State Bar No. 41798
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913
wporter@bklawva.com
  Counsel for Plaintiff

7