```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


NORHTROP GRUMMAN TECHNICAL      )
SERVICES, INC.,                 )
                                )
     Plaintiff,                 )
                                )
         v.                     )     1:16cv534(JCC/IDD)
                                )
DYNCORP INTERNATIONAL LLC,      )
                                )
     Defendant.                 )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Northrop Grumman Technical Services, Inc.'s ("Plaintiff", or "Northrop Grumman") Emergency Motion to Stay Execution of Remand. [Dkt. 59.] Although Plaintiff's Motion is styled as an "Emergency Motion to Stay Execution of Remand Order Pending Issuance of This Court's Memorandum Opinion and Resolution of Motion for Stay Pending Appeal," Plaintiff clarified at oral argument on the motion that they were presently seeking only an order explicitly confirming their belief that Federal Rule of Civil Procedure 62(a) required a 14 day stay of execution of this Court's Order of June 2, 2016 remanding the case. For the following reasons, the Court grants this limited motion.

### **I. Background**

Plaintiff seeks an order confirming a stay of the execution of this Court's Order remanding the case back to State court until at least 14 days have passed since the entry of that order on June 2, 2014. The motion raises a pure issue of law. Upon consideration of both parties' briefs and oral argument, and for the reasons stated below, Plaintiff's motion is granted.

## II. Analysis

Pursuant to 28 U.S.C. § 1447(c), an order remanding to State court "is not self-executing." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438(5th Cir. 2001). The remand order is not executed until "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court." 28 U.S.C. § 1447(c). "This provision creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction." *Garlock*, 278 F.3d at 438. Once the remand order is executed, the district court loses jurisdiction of the action and is unable to prevent the State court from proceeding with the case. *See, e.g., Rivera Perez v. Mass. General Hosp.*, 193 F.R.D. 43, 45 (D.P.R. 2000); *Barnhill v. Pregent*, No. 3:09-cv-0273, 2010 WL 179170 at *2 (M.D. Pa. May 3, 2010).

Federal Rule of Civil Procedure 62(a) provides for an automatic stay of 14 days on "execution" or "proceedings. . . taken to enforce" a judgment, subject to carve outs for

2

judgments on injunctions or receiverships and judgments that direct an accounting in an action for patent infringement. Fed. R. Civ. P. 62(a). Federal Rule of Civil Procedure 54(a) defines a "judgment" as "any order from which an appeal lies." Remand orders on cases removed from State court are generally not reviewable on appeal. *See* 28 U.S.C. § 1447(d). However, 28 U.S.C § 1447(d) provides that where the case was originally "removed pursuant to section 1442 or 1443 of this title [the remand order] shall be reviewable by appeal or otherwise." Prior to its amendment in 2011, § 1447(d) lacked any explicit reference to actions originally removed pursuant to § 1442. *See* 28 U.S.C.A. § 1447(d) (West 2009)(remand of removed case generally not reviewable except where "it was removed pursuant to section 1443 of this title"). The Fourth Circuit has recently indicated that it is the purported basis for removal of the case which controls the availability of appellate review, not the grounds on which the district court remands the case. *See Wood v. Crane Co.*, 764 F.3d 316, 320 (4th Cir. 2014)(holding that the district court's remand order was appealable "[b]ecause this case was originally removed pursuant to the federal officer removal statute," even where the remand order was based in part on the timeliness requirements of 28 U.S.C. § 1446).

Under Fourth Circuit precedent and the plain language of 28 U.S.C. § 1447(d), an order remanding a case originally

3

removed from State court pursuant to 28 U.S.C. § 1442 is appealable.  Federal Rule of Civil Procedure 54(a) is equally clear that a "judgment" is defined as "any order from which an appeal lies" for purposes of the Rules.  It follows that an order remanding a case which had previously been removed under a claim of § 1442 removability is a "judgment" for purposes of the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 62(a) clearly provides that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."  Therefore, under a plain reading of the applicable statutes and the Fourth Circuit's recent case law, the Court concludes that Federal Rule of Civil Procedure 62(a) applies to orders remanding cases removed from State court pursuant to 28  U.S.C. § 1442.  Northrop Grumman is therefore entitled to a 14 day automatic stay on the execution of the remand order from the date of its issuance, June 2, 2016.

DynCorp urges the Court to look to the Fifth Circuit case of *Arnold v. Garlock, Inc.* as support for their position that Federal Rule of Civil Procedure 62(a) applies only "to judgments for money," and is therefore inapplicable to orders to remand.  278 F.3d at 437.  However, *Garlock* is easily distinguished from the case at hand.  First, *Garlock* was decided prior to the 2011 amendment of 28 U.S.C. §1447(d) which explicitly provided for appellate review of actions removed

4

pursuant to 28 U.S.C. § 1442. In holding that Rule 62(a) did not apply to remand orders, the Fifth Circuit based its reasoning in *Garlock* partially on the premise that "[a] remand of an ongoing case is not a final judgment following a full adjudication of a claim, *the result of which may be appealed*." *Garlock*, 278 F.3d at 437 (emphasis added). The intervening amendments to § 1447(d) in 2011 have since created a right of appeal for orders remanding cases removed pursuant to § 1442. This intervening change in the law controlling the availability of appellate review calls the continued validity of *Garlock* into grave doubt as it applies to cases removed under § 1442.

In *Humphries v. OneBeacon America Insurance Co.*, the District Court for the Eastern District of Louisiana recognized that because Congress has now explicitly provided for appellate review of remand orders in cases removed pursuant to § 1442, "the remand order is treated like any other final judgment." No. 13-5426, 2014 WL 1330034 (E.D. La. April 2, 2014)(quoting *Thomas v. LTV Corp.*, 39 F.3d 611, 615-16 (5th Cir. 1994)). While the district court in *Humphries* dealt with a petition for a stay of execution of a remand order pending appeal, its logic that an order remanding a case which had originally been removed pursuant to § 1442 must now be treated like any other final judgment is compelling in the context of Federal Rule of Civil Procedure 62(a) and its mandatory 14 day stay of execution as

well.  Accordingly, the Court believes that so far as *Garlock* stands for the proposition that the stay provisions of Rule 62 pertain *only* to judgments for money, it has been pre-empted by the 2011 amendment to 28 U.S.C. § 1447(d).

### IV. Conclusion

For the foregoing reasons, Plaintiff's Emergency Motion to Stay Execution of Remand is granted, and the Clerk of Court is directed to refrain from executing the Court's Order of June 2, 2016 remanding this case back to the Circuit Court for Fairfax County until June 17, 2016.  An appropriate order will issue.

/s/

June 7, 2016  James C. Cacheris
Alexandria, Virginia  UNITED STATES DISTRICT COURT JUDGE