IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| NORHTROP GRUMMAN TECHNICAL SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:16cv534(JCC/IDD) |
| DYNCORP INTERNATIONAL LLC, | ) ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Northrop
Grumman Technical Services, Inc.'s ("Plaintiff", or "Northrop
Grumman") Emergency Motion to Stay Execution of Remand Order
Pending Appeal ("Motion to Stay Pending Appeal") [Dkt. 73], and
Motion for Leave to Take Certain Depositions ("Motion to
Depose") [Dkt. 89].  Defendant DynCorp International, LLC
("Defendant" or "DynCorp") has also filed an Emergency Motion
for Clarification of District Court Jurisdiction Over Discovery
("Motion to Clarify Discovery") [Dkt. 81].  For the reasons set
forth below, the Court grants Plaintiff's motion and clarifies
that no discovery should proceed under the jurisdiction of this
Court during the pendency of Plaintiff's appeal.

**I. Background**

The Court assumes familiarity with the underlying facts of the case as described in the two previous memorandum opinions in this matter.  (*See* Mem. Op. of June 6, 2016 [Dkt. 68], 1-8; Mem. Op. of June 7, 2016 [Dkt. 69], 2.)  Accordingly, only those facts directly relevant to the motions at hand are recounted here.  On June 2, 2016, this Court granted Defendant's Motion to Remand and ordered that this case be remanded back to Circuit Court for Fairfax County.  (Order of June 2, 2016 ("Remand Order") [Dkt. 58].)  Before the Clerk of Court could execute the Remand Order, Plaintiff filed an Emergency Motion to Stay Remand seeking an automatic 14-day stay of execution on the Court's Remand Order pursuant to Federal Rule of Civil Procedure 62(a).  The Court granted that motion and entered an order confirming a 14-day automatic stay on the execution of its Remand Order on June 7, 2016.  On June 8, 2016, Plaintiff filed the instant Motion to Stay Pending Appeal and filed a separate motion to set an expedited briefing schedule on the motion to stay.  On June 9, 2016, the Court entered an order setting an accelerated briefing schedule on Plaintiff's Motion to Stay Pending Appeal.  On June 14, 2016, Defendant filed its Memorandum in Opposition to Plaintiff's Motion to Stay Pending Appeal [Dkt. 87].  Plaintiff filed its Reply Brief [Dkt. 92] on June 15, 2016.  Oral argument was heard on June 16, 2016, and the motion is now ripe for decision.

2

Meanwhile, on June 10, 2016, Defendant filed its Motion to Clarify Discovery.  In that motion, Defendant asks the Court to clarify that discovery should not proceed in federal court until Plaintiff's appeal of the Remand Order is resolved. Defendant's Motion to Clarify Discovery was motivated by Plaintiff's declared interest in deposing five third party, U.S. Army witnesses who worked in some way on the underlying contract between Northrop Grumman and the Government (collectively, the "Army Witnesses").  (Def.'s Mem. in Supp. of Mot. to Clarify Discovery [Dkt. 82], 3.)  Defendant noticed the Motion to Clarify Discovery for a hearing on June 16, 2016, the same day the Court was scheduled to hear Plaintiff's Motion to Stay Pending Appeal.  Plaintiff filed its Memorandum in Opposition to Defendant's Motion to Clarify Discovery [Dkt. 90] on June 15, 2016.  Along with its Memorandum in Opposition, Plaintiff filed its Motion to Depose.  In its Motion to Depose, Plaintiff asks the court to order the deposition of the Army Witnesses pursuant to Federal Rule of Civil Procedure 27(b).  Defendant did not file any written opposition to Plaintiff's Motion to Depose, but the Motion to Depose was addressed at oral argument on June 16, 2016, and Defendant's grounds for opposition were substantially set forth in its Memorandum in Support of its Motion to Clarify Discovery.  Accordingly, these discovery related motions are now ripe for decision as well.

3

## II. Legal Standard

### A.   Stay Pending Appeal

"A stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'" *Larios v. Cox*, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004)(quoting *Winston-Salem/Forsyth Cty. Bd. Of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971)).  When evaluating a motion to stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).  However, "[s]ince the traditional stay factors contemplated individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).  The Court will address each of the aforementioned four factors in turn.

### B.   Depositions Pending Appeal of Remand

Upon removal from state court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450.  However,

4

the filing of a notice of appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

Federal Rule of Civil Procedure 27(b)(1) provides that "[t]he court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court."  The district court can order a deposition "[i]f the court finds that perpetuating the testimony may prevent a failure or delay of justice."  Fed. R. Civ. P. 27(b)(3).

### III. Analysis

#### A.    Motion for Stay Pending Appeal

The Court will address each of the aforementioned four factors described in *Nken v. Holder* in turn.

##### 1.    Likelihood of Success on Appeal

In assessing the likelihood of success on appeal, the "standard does not require the trial court to change its mind or conclude that its determination on the merits was erroneous. Rather, the court must determine whether there is a strong likelihood that the issues presented on appeal *could be rationally resolved* in favor of the party seeking the stay."

*United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995)(internal citations omitted)(emphasis added).

In order for Plaintiff to succeed with its appeal of the Remand Order, the Fourth Circuit must reverse this Court's holding on each of the four independently sufficient grounds for remand laid out in the Memorandum Opinion of June 7, 2016. These are: (1) that Plaintiff has failed to raise a colorable federal defense; (2) that there was no causal connection between Plaintiff's actions forming the basis of Defendant's Counterclaims and the asserted federal authority; (3) that Plaintiff's notice of removal was not timely; and (4) that Plaintiff had waived its right to remove through its conduct in state court. (Mem. Op. June 7, 2016.) Additionally, if the Fourth Circuit overturns each of those four independently adequate grounds for removal on which the Remand Order rests, the Fourth Circuit will then have to address the question of removability by the original plaintiff under 28 U.S.C. § 1442, an issue of first impression on which this Court withheld judgment as it was unnecessary to decide at the time.

Each of the four grounds described in the Memorandum Opinion of June 7, 2016, would be independently sufficient to support remand, but several of them are interconnected, as the Court recognized in its Memorandum Opinion. The Court's holdings on waiver by conduct and timeliness of removal, for

6

example, are both premised largely on the Court's holding that Plaintiff received "unequivocally clear and certain notice that the case was removable," if removable at all, when Defendant filed its Counterclaims rather than when Plaintiff filed its Claim for Contract Interpretation.  (*See* Mem. Op. of June 6, 2016 [Dkt. 68], at 24-28 (quoting *US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F. Supp. 2d 699, 704 (E.D. Va. 2004)).

The Court recognizes that the issues in this case are on the fringes of the existing jurisprudence interpreting the requirements of 28 U.S.C. § 1442 and 28 U.S.C. § 1446. Plaintiff's proposed federal defense of ripeness pending a Contract Disputes Act claim is novel in the context of § 1442 removal by a government contractor in a suit against its subcontractor.[1]  Likewise, the Fourth Circuit is yet to address

---

[1]    Plaintiff correctly points out that the Fourth Circuit has held in *Jamison v. Wiley*, 14 F.3d 222, 239 (4th Cir. 1994) that the jurisdictional defense of sovereign immunity can provide the basis for § 1442 removal.  While sovereign immunity is jurisdictional in nature, it is different in character from ripeness.  Sovereign immunity, where it is has not been waived, provides a bar on the claim being litigated no matter when the claim is brought, whereas ripeness merely "concerns the appropriate timing of judicial intervention." *Cooksey v. Futrell*, 721 F.3d 226, 240 (4th Cir. 2013).  A case which was once unripe can later become ripe, and vice-versa.  *See Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 140 (1974); *Schwob v. Standard Ins. Co.*, 37 F. App'x 465, 470 (10th Cir. 2002).  Additionally, removal due to an asserted sovereign immunity defense raises none of the gamesmanship or forum shopping concerns created by Plaintiff's theory of self-induced un-ripeness as a removable defense.  It is clear that ensuring the availability of a federal sovereign immunity defense lies at

the issue of how strictly the causal nexus requirement should be applied in light of the 2011 amendments to 28 U.S.C. § 1442. Other circuits have split on how intimately the actions giving rise to the claims at issue must be related to government direction to satisfy the causal nexus requirement. *See Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012)(actions giving rise to claims need not be taken at specific government direction to satisfy causal nexus). *But see Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172-74 (5th Cir. 2015)(removing party must show that actions taken pursuant to Government's direction or control caused the other party's specific injuries).

No court of appeals has yet addressed the issue of removability by the original plaintiff under § 1442. As a true issue of first impression, "[t]his [first] factor weighs in favor of granting a stay because clear precedent from the Court of Appeals does not dictate the outcome of the substantive issue." *Fourteen Various Firearms*, 897 F. Supp. at 273.

For the reasons described in its previous Memorandum Opinion, the court does not believe that Plaintiff will be able to succeed on these issues. Additionally, the fact that each of the four grounds listed above provides an independent and

---

the very heart of "federal officer removal" pursuant to § 1442. It is not as clear that § 1442 should apply to a temporary jurisdictional issue which can be created by one of the party's own filings. The obvious potential for abuse under that latter scenario is troubling.

adequate basis for remand weighs against the likelihood of the Plaintiff succeeding on appeal.  However, this case raises a number of complex questions and novel legal theories which the Fourth Circuit has yet to evaluate, and the case has potentially large downstream precedential consequences.  Accordingly, the Court finds that there is a "substantial case on the merits" and "if the other factors militate in favor of a stay, the court may issue one." *Project Vote/Voting for Am., Inc. v. Long*, 275 F.R.D. 473, 474 (E.D. Va. 2011).

## 2.   Irreparable Harm to Plaintiff

The harm to Plaintiff if this Court declines to issue a stay pending appeal would be immediate and potentially severe. Several other courts have recognized that where the pending appeal addresses remand of a case initially removed pursuant to 28 U.S.C. § 1442, a stay is appropriate to prevent rendering the statutory right to appeal "hollow." *See, e.g.*, *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, No. Civ. 3:05-0451, 2005 WL 2237598, at *1 (M.D. Tenn. Sept. 12, 2005)(if stay is denied, "the case is actually remanded, and the state court proceeds to move it forward," then the appellate right would be an empty one."); *Raskas v. Johnson & Johnson*, No. 4:12cv2174 JCH, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013)("To hold that a district court lacks the limited jurisdiction to stay its remand order in a [§ 1443 class action

fairness removal] case would render the statutory right to appeal [a § 1443] remand order hollow."); *Vision Bank v. Bama Bayou, LLC*, No. 11-0568-KD-M, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012)("Once the FDIC appealed [the remand order], a stay order should have been issued.  To do otherwise would make the right of appeal nugatory.")

     If this order is not stayed, Plaintiff and Defendant will also both face the burden of having to simultaneously litigate the appeal before the Fourth Circuit and the underlying case in state court.  District courts have been sensitive to concerns about forcing parties to litigate in two forums simultaneously when granting stays pending appeal.  *See, e.g.*, *Pagliara v. Fed. Home Loan Mortg. Corp.*, No. 1:16-cv-337, 2016 WL 2343921, at *3 (E.D. Va. May 4, 2016)(granting stay where movant faced "potential hardship of duplicative and inconsistent discovery obligations" from separate courts); *Dalton v. Walgreen Co.*, No. 4:13cv603, 2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013)(granting stay to prevent having to litigate in state court while prosecuting federal appeal).

     As an intervening state court judgment or order could render the appeal meaningless and because parties will have to simultaneously litigate this case in state court and before the Fourth Circuit if no stay is issued, Plaintiff faces severe and

irreparable harm if no stay is issued.  Accordingly, this factor weighs strongly in favor of granting a stay pending appeal.

### 3.   Injury to Defendant

The primary potential injury to Defendant if a stay is issued is the potential loss of its July 25, 2016 trial date in state court, and the ensuing delay in having its case tried. This Court is sensitive to Plaintiff's concerns regarding the speedy conclusion of this case and the fact that the amount at issue in its counterclaims, $40 million, is not a trifle. However, Plaintiff is incorrect when they say that a stay pending appeal would constitute an "indefinite" postponement of its state law claims against Northrop Grumman.

A stay pending appeal is just what it says it is, a stay until the presently pending appeal is resolved by the Fourth Circuit, at which point the case will either be remanded back to state court or taken back up by this Court for further proceedings consistent with the Fourth Circuit's ruling.  While Defendant would undeniably suffer from a potential delay if a stay is issued, a stay would not permanently deprive Defendant of access to state court.  If no stay is issued, Plaintiff faces a real chance that its right to meaningful appeal will be permanently destroyed by an intervening state court judgment.

Further, the Court notes that Virginia Code § 8.01-382 provides for prejudgment interest on awards where appropriate.

11

Thus, Defendant can be compensated for any harm it suffers as a result of this stay in the form of prejudgment interest. Finally, issuing a stay would actually save Defendant, as well as Plaintiff, the burden of having to simultaneously litigate this case as a trial in state court and an appellate proceeding before the Fourth Circuit.

Because the harm felt by Defendant as a result of a stay would be temporary, and would at most result in a later trial date in state court, it pales in comparison to the potential harm Plaintiff would suffer if no stay is issued. Accordingly, while this factor weighs slightly against issuing a stay pending appeal, it is easily overwhelmed by the preceding factor.

### 4.   The Public Interest

This Court is keenly aware that "[p]ublic policy dictates the timely conclusion of legal disputes." *Desktop Images, Inc. v. Ames*, 930 F. Supp. 1450, 1452 (D. Colo. 1996). However, in this context, the background public interest in swift resolution of legal disputes is overshadowed by the rat's nest of comity and federalism issues which would arise should the Fourth Circuit decide that the Remand Order was improvidently granted and the state court had entered rulings or judgments in the interim period.  The Fourth Circuit explicitly recognized this as a "difficult issue" in *Bryan v. BellSouth*

*Communications, Inc.*, 492 F.3d 231, 240-42 (4th Cir. 2007).  In light of the potential for nightmarish procedural complications arising from parallel proceedings in state and federal court, the Court finds that the public interest weighs in favor of a stay in this case.

Accordingly, the Court grants Plaintiff's Emergency Motion to Stay Execution of Remand Pending Appeal and stays the Remand Order pending resolution of Plaintiff's appeal because Plaintiff raises a substantial case with several novel legal issues, the balance of equities weighs in favor of granting the stay, and the public interest lies in granting the stay,.

### 5.   Supersedeas Bond

Defendant argues that any stay must be conditioned on the posting of a supersedeas bond by Plaintiff in the amount of $40 million.  However, the Fourth Circuit has clearly stated that "the posting of a supersedeas bond may only stay a *monetary* judgment pending an appeal." *Solis v. Malkani*, 638 F.3d 269, 275 (4th Cir. 2011).  Where the court issues "an order to do, rather than an order to pay, . . . the rationale as well as the text of Rule 62(d) is applicable." *Illinois Bell Tel. Co. v. WorldCom Techs., Inc.*, 157 F.3d 500, 502 (7th Cir. 1998). Defendant cites to this Court's previous decision in *E.I. Dupont de Nemours and Co. v. Kolon Industries, Inc.*, No. 3:09cv58, 2012 WL 1202485 (E.D. Va. April 10, 2012) as support for its position

13

that posting a supersedeas bond is necessary if Plaintiff is granted a stay pending appeal.  However, *E.I. DuPont* is easily distinguishable.  In *E.I. Dupont,* the order being appealed was a monetary judgment for over $900 million, not an order remanding the action to state court.  2012 WL 1202485, at *2. Additionally, in *E.I. Dupont*, the Court only imposed a supersedeas bond after concluding that the appellant was not entitled to a stay pending appeal on terms other than a full supersedeas bond.  *Id.*  However, the Court went out of its way to clarify that Rule 62 "leaves unimpaired a district court's inherent, discretionary power to stay judgments pending appeal on terms other than a full supersedeas bond."  *Id.*

In light of the limited applicability of Rule 62(d) to monetary judgments and the Court's holding above awarding Plaintiff a stay pending appeal under this Court's inherent, discretionary power to stay the Remand Order, it is clear that Plaintiff need not post a supersedeas bond as a condition to issuance of a stay of the Remand Order pending appeal.

B.   Motions to Clarify Jurisdiction over Discovery and to Depose

Defendant has filed a motion seeking "clarification that the Court does not have jurisdiction over discovery in this case while execution of the Remand Order is stayed and pending a decision from the Court of Appeals for the Fourth Circuit,

14

without a scheduling order, and without risk of legal waiver by DI, including the Army depositions Northrop unilaterally noticed under this District Court's case caption, and other relief as this Court deems proper." (Def.'s Mem. in Sup. Of Mot. to Clarify Discovery [Dkt. 82], 11.) The only way the Court can make sense of this motion is as a motion seeking clarification that while the Remand Order is on appeal, discovery is stayed in this Court along with execution of the Remand Order.

As a general matter, "the filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The Fourth Circuit has recognized two limited exceptions to this general rule; district courts retain jurisdiction "to take subsequent action on matters that are collateral to appeal, or to take action that aids the appellate process." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014)(citing *Langham-Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1330-31 (4th Cir. 2987); *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991)). "[T]hese exceptions are confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Id.; see, e.g., Lytle v. Griffith*, 240 F.3d 404, 407 n.2 (4th Cir.

2001)(clarification of an imprecisely worded injunction "aided in th[e] appeal by relieving [the court] from considering the substance of an issue begotten merely from imprecise wording"); *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999)(the district court is authorized, under the in-aid-of appeal exception, to entertain a Rule 60(b) motion which could moot the appeal); *Grand Jury Proceedings Under Seal*, 947 F.2d at 1190 (the district court retained jurisdiction to memorialize its oral opinions in the days after a decision was rendered).

Plaintiff does not argue that the five depositions now at issue would be an action "in aid of appeal."[2]  Rather, Plaintiff argues that the only issue on appeal is this Court's Remand Order, and that discovery is a collateral issue. However, this position is contradicted by the Fourth Circuit's holding in *Levin v. Alms and Associates*, *Inc.*, 634 F.3d 260 (4th Cir. 2011).  In *Levin*, the Fourth Circuit held that when a party appealed a holding by the district court that the claims before it were not subject to mandatory arbitration pursuant to 9 U.S.C. § 16(a)(1)(A), the district court should suspend any discovery pending appeal.  634 F.3d at 264.  The Fourth Circuit

---

[2]   Plaintiff contends that the deposition of these individuals is crucial to their case at trial.  The Court wonders, however, how crucial their testimony can be when, after extensive discovery in state court, Plaintiff seeks 26 additional depositions at this late stage.  The Court does not believe that this straightforward case merits that truly extraordinary number of depositions.

reached this conclusion because "'[w]hether the case should be litigated in the district court is not an issue collateral to the question presented by appeal [of a denial of arbitration] under § 16(a)(1)(A) . . . [I]t is the mirror image of the question presented on appeal,'" and "[d]iscovery is a vital part of the litigation process and permitting discovery constitutes the continuation of the litigation, over which the district court lacks jurisdiction." *Id.* at 263-64 (quoting *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 505 (7th Cir. 1997)). As in the case of an appeal of an order denying mandatory arbitration, the underlying claims are necessarily involved in the appeal of an order remanding a case to state court because the question being addressed is whether the case should be litigated in the district court. Here, as in the case of an arbitrability appeal, the court is concerned with avoiding the potential for simultaneous or subsequent duplicative proceedings in two separate forums. Accordingly, under *Griggs* and *Levin*, the Court must suspend discovery "until the court of appeals renders a decision." *Levin*, 634 F.3d at 264 (quoting *Bradford-Scott,* 128 F.3d at 506).

The Court wishes to clarify that nothing in the above analysis should be interpreted as giving any direction to, providing any comment on, or addressing in any way any state court actions or orders. The Court reiterates that until its

Remand Order is executed, the case has not actually been remanded to state court. The notice of appeal has transferred the district court's jurisdiction over the case to the Court of Appeals for the Fourth Circuit. This Court holds the Circuit Court for Fairfax County in the highest regard, and will not presume to tell that court how it should act during the pendency of this appeal, or how it should act when the pending appeal is resolved and the Remand Order is either executed or reversed.

As a fallback position, Plaintiff has filed a motion seeking an order granting it leave to take the five depositions at issue pursuant to Federal Rule of Civil Procedure 27(b). Federal Rule of Civil Procedure 27(b)(1) provides that "[t]he court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." The court can order a deposition "[i]f the court finds that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(b)(3). Federal Rule of Civil Procedure 27(b)(1) "is not a substitute for discovery." *Walling v. Holman*, No. 84 Civ. 2180, 1987 WL 13126, at *1 (S.D.N.Y. June 24, 1987). Depositions under Rule 27(b) are available "in special circumstances to preserve testimony which could otherwise be lost." *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975).

18

Plaintiff first argues that the testimony of the Army Witnesses it seeks may be lost if they cannot depose them at this stage because of unspecified potential issues with supposedly "onerous *Touhy* regulations." (Pl.'s Consol. Mem. at 13.) However, Plaintiff has apparently managed to secure five Army Officers for depositions despite the supposedly devastating effects of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and it has shown no reason why it would not be able to do so again after the Fourth Circuit rules on its appeal. The best Plaintiff can come up with is that "there is no guarantee Northrop Grumman will be able to depose the Army witnesses prior to trial. . . particularly if Army officials decline to sit voluntarily for rescheduled depositions in advance of trial." (*Id.*) Northrop Grumman's lack of a "guarantee" that the Army Witnesses will not be available does not constitute "special circumstances" warranting a Rule 27(b) deposition. There is never a guarantee that witnesses will be available for later proceedings after resolution of the appeal. Even the halest, most cooperative witness may be suddenly struck down or rendered incapable of testifying while an appeal is pending. There simply are no guarantees in life.

In the absence of some specific showing that these witnesses are particularly likely to become unavailable, a Rule 27(b) deposition is not warranted. *Ash*, 512 F.3d at 913. Here,

the fact that Plaintiff has been able to secure five Army
Officers for depositions despite the supposedly "onerous *Touhy*
regulations" strongly suggests that they will be able to secure
their testimony again after the Fourth Circuit rules on
Plaintiff's appeal.  Plaintiff is simply attempting to use Rule
27(b) as a substitute for its previously planned discovery,
which this Court has just held is stayed pending Plaintiff's
appeal.  This is an improper usage of Rule 27(b), and
accordingly the Court denies Plaintiff's Motion for Leave to
Depose.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Emergency
Motion to Stay Execution of Remand Pending Appeal will be
granted, and the Clerk of Court will be directed to refrain from
executing this Court's Order of June 2, 2016 remanding this case
back to the Circuit Court for Fairfax County until such time as
Plaintiff's appeal of that Order is resolved.

Additionally, the Court denies Plaintiff's Motion to
Depose and directs that any and all discovery conducted pursuant
to the jurisdiction of this Court is stayed pending the

resolution of Plaintiff's appeal.  An appropriate order will

issue.


                                        /s/
                                _____
June 16, 2016                        James C. Cacheris
Alexandria, Virginia           UNITED STATES DISTRICT COURT JUDGE